UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. SACV 14-1526-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 7, 2014, Robert M. Hernandez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on January 12, 2015. On May 28, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56-year-old male who applied for Social Security Disability Insurance benefits on September 17, 2009, alleging disability beginning August 22, 2003. (AR 16.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date of August 22, 2003 through his date last insured of December 31, 2008. (AR 510.)

Plaintiff's claims were denied initially on December 14, 2009 and on reconsideration on April 21, 2010. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Helen E. Hesse on March 2, 2011 in Orange, California. (AR 16.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 16.) Medical expert ("ME") Joseph Jensen, M.D. and vocational expert ("VE") Ronald Hatakeyama also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on March 17, 2011. (AR 16-24.) The Appeals Council denied review on July 18, 2012. (AR 1-3.)

This case is on remand from the Appeals Council pursuant to a remand from this Court. Plaintiff appeared and testified at a hearing[1] which was held before ALJ Helen E. Hesse on March 25, 2014, in Orange, California. (AR 507.) Plaintiff was represented by counsel. (AR 507.) Also appearing and testifying were ME Arnold Ostrow, M.D. and VE Corinne J. Porter. (AR 507.)

Plaintiff filed a subsequent application for Supplemental Security Income ("SSI") benefits and the State agency issued a favorable determination finding Plaintiff disabled beginning September 17, 2009. (AR 507.) The Appeals Council affirmed that determination. (AR 507.) As such, the Appeals Council vacated the ALJ's decision, but only with respect to the issue of disability for the period prior to September 17, 2009. (AR 507.) Pursuant to this Court's remand order, the Appeals Council has directed the

---

[1] Additional medical records were submitted after the hearing. This evidence, which was carefully considered in making the ALJ's decision, was included in the record. (AR 507.)

ALJ to consider and evaluate the medical source opinion offered by Eon Shin, M.D., and provide appropriate weight to that opinion. (AR 507.) If that opinion is rejected, the ALJ will provide specific and legitimate reasons for doing so. (AR 507.) In addition, the ALJ will consider whether any presumption of continuing disability should apply to this case. (AR 507.) In compliance with the above, the ALJ was directed to offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision on the issue of disability for the period prior to September 17, 2009. (AR 507.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly developed the record.
2. Whether the ALJ properly considered Plaintiff's credibility and made proper credibility findings.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based

4

on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of August 22, 2003 through his date last insured of December 31, 2008. (AR 510.)

At step two, the ALJ determined that Plaintiff, through the date last insured, had the following medically determinable severe impairments: status post fractures on his pelvis and right wrist (1987); peripheral neuropathy; status post lumbar spine stab wound; posttraumatic arthritis of the right wrist; degenerative changes of the left hip; spondylolysis of 1.5-S1; degenerative disc disease of the lumbar spine; compression fracture of L3; and central spinal canal stenosis of 1.2-3 and 1.3-4. (AR 510.)

At step three, the ALJ determined that Plaintiff, through the date last insured, did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18, 510.)

The ALJ then found that Plaintiff, through the date last insured, had the RFC to perform the following:

> . . . occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally perform gross and fine manipulation with the right upper extremity; occasionally use foot pedals with the left lower extremity; occasionally bend, balance, kneel, crouch, and climb stairs; never stoop, crawl, or climb ladders; and avoid work at unprotected heights.

(AR 510-513.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 512.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform his past relevant work as a janitor. (AR 513-514.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of counter clerk, call-out operator and surveillance system monitor. (AR 514-515.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, at any time from August 22, 2003, the alleged onset date, through December 31, 2008, the date last insured. (AR 515.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly rejected the opinion of Plaintiff's treating physician Dr. Generoso Quimbo for specific, legitimate reasons supported by substantial evidence.

The ALJ was under no duty to further develop the record or recontact Dr. Quimbo. The ALJ properly discounted Plaintiff's subjective symptoms.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.  THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in failing to recontact his treating physician, Dr. Generoso Quimbo. The Court disagrees.

### A.  Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ assessed Plaintiff with a light work RFC with limitations to accommodate his orthopedic and physical impairments. (AR 510.) In support of this RFC, the ALJ gave great weight to the testifying medical expert, Dr. Arnold Ostrow, who provided the RFC adopted by the ALJ. (AR 512.) The ALJ also cited Dr. Joseph Jensen, the medical expert at the previous hearing, who gave a similar light work RFC. (AR 512.) Dr. Eon Shin, the consulting examiner, gave Plaintiff a light work RFC. (AR 513.) Two State agency reviewers gave Plaintiff a light work RFC. (AR 513.)

In contrast, Dr. Generoso Quimbo, Plaintiff's treating physician, in a May 24, 2005 check box form for the Anaheim Housing Authority, concluded that the Claimant was disabled, specifically he has an "[i]nability to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period, <u>but not less than 12 months</u>."  (AR 286, 513.)  (Emphasis in text.)  The ALJ gave little weight to this opinion because it was "not consistent with the record as a whole, <u>e.g.</u>, unremarkable physical examinations and minor x-ray findings" and is "quite conclusory, providing very little explanation of the evidence relied on."  (AR 513.)  An ALJ may reject treating physician opinions that are conclusory, do not contain any explanation and are inconsistent with the record as a whole.  <u>Batson v. Comm'r</u>, 359 F.3d 1190, 1195 (9th Cir. 2004); <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111-12 (9th Cir. 2012).

Plaintiff does not challenge the ALJ's finding as such, and does not even mention the five other medical opinions all ascribing a light work RFC to him.  Plaintiff's argument is that the ALJ erred by not recontacting Dr. Quimbo to obtain explanation and clarification of his opinion, and by not obtaining medical records from St. Joseph Heritage Medical Group where Dr. Quimbo worked.  To be sure, in Social Security cases, the ALJ has a special independent duty to develop the record fully and fairly and to assure that a claimant's interests are considered.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001); <u>Smolen</u>, 80 F.3d at 1288.  Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to "conduct an appropriate inquiry."  <u>Smolen</u>, 80 F.3d at 1288.  The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record.  <u>Smolen</u>, 80 F.3d at 1288; <u>Tonapetyan</u>, 242 F.3d at 1150.

Here, however, the record is not ambiguous or inadequate to allow for a proper evaluation of Plaintiff's case. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Bayliss, 427 F.3d at 1217. The ALJ's RFC is supported by substantial evidence. The ALJ had five medical opinions on which to rely in this case, none of which Plaintiff even mentions. There also were no medical records to obtain from St. Joseph Heritage Medical Group. Dr. Quimbo signed a note indicating Plaintiff's medical records could not be located. (AR 291.) As in Mayes, "[t]he record before the ALJ was neither ambiguous nor inadequate to allow proper evaluation of the evidence." Id. at 460.

The ALJ rejected the opinion of Dr. Quimbo for specific, legitimate reasons supported by substantial evidence. The ALJ had no duty to develop the record further or to recontact Dr. Quimbo.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends that the ALJ improperly discounted his subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's

testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 512.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 512.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the medical evidence of record does not support Claimant's allegations of disabling symptoms. (AR 511-512.) This finding is supported by the opinions of five physicians who all assessed Plaintiff with a light work RFC. Plaintiff, moreover, claimed that he could not walk or stand for a prolonged period of time, and needed help walking with either a cane or his wife's shoulder. (AR 511.) On orthopedic examination, however, his gait was normal, he was able to heel and toe walk and did not require an assistive device for ambulation. (AR 511.) Despite complaints of left hip pain, range of motion of his hips was normal. (AR 511.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

Second, the ALJ found that Plaintiff's treatment history undermines his credibility. Specifically, the ALJ found:

> "The Claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. The record reflects

significant gaps in the Claimant's history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms." (AR 512.) An unexplained failure to seek treatment is a legitimate reason for discounting credibility. Bunnell, 947 F.2d at 346.

Third, Plaintiff received only physical therapy and took no medications. (AR 511-512.) The ALJ concluded that Claimant's "use of medications does not suggest the presence of impairments which is more limiting" than the ALJ's RFC limitations. The ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff disagrees with the ALJ's interpretation of the evidence but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 8, 2015               /s/ John E. McDermott
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE